UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
KENNETH TEAGUE

        Index No.: 25-CV-1493

   v.

        **COMPLAINT**

CITY OF NEW YORK and
POLICE OFFICERS JOHN DOE #1-8,        Plaintiff Demands Trial by Jury

      Defendants.

--------------------------------------------------------X

    Plaintiff KENNETH TEAGUE, by and through his attorney, Alexis G. Padilla, complaining of the defendants, CITY OF NEW YORK and POLICE OFFICERS JOHN DOE #1-8, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

    1.    This is a civil rights action in which the plaintiff, KENNETH TEAGUE, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

    3.    Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim involve a party which maintains its place of business within the Southern District of New York.

**JURY TRIAL DEMANDED**

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

**PARTIES**

5. Plaintiff KENNETH TEAGUE is a United States citizen of full age and a resident of Kings County, New York.

6. Defendant POLICE OFFICERS JOHN DOE #1-8 were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant POLICE OFFICERS JOHN DOE #1-8 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of their duties. They are sued individually and in their official capacities.

**STATEMENT OF FACTS**

7. On or about April 10, 2024, plaintiff was lawfully present on a sidewalk in the vicinity of Brooklyn Avenue between Beverley Road and Tilden Avenue in Brooklyn, when he saw a group of officers in what appeared to be an unmarked police vehicle.

8. One of the officers shined a flashlight at him from inside the vehicle.

9. Plaintiff turned towards the vehicle and asked the officers if they intended to stop him.

10. The vehicle then drove off without any response from any of the officers.

11. Plaintiff then got on the B35 bus at the corner of Church Avenue and Brooklyn Avenue.

12. Plaintiff got off the bus at Utica Avenue and Church Avenue and began walking on Utica Avenue towards Snyder Avenue.

13. As he walked, plaintiff noticed the same unmarked police vehicle.

14. At the corner of Snyder, plaintiff crossed the street. As he was crossing, the same unmarked police vehicle drove past him and nearly hit him.

15. Plaintiff shouted at the driver to watch where he was going.

16. Defendant Police Officer John Doe #1, who was driving the vehicle, then stopped the car, backed up and said to plaintiff, "why don't you say it to my face."

17. Plaintiff repeated himself.

18. Defendant P.O. John Doe #1 then got out of the car and approached plaintiff. He then said again, "why don't you say it to my face," except this time he was standing directly in front of plaintiff.

19. Plaintiff repeated himself and defendant P.O. John Doe #1 responded by striking him in the face with a closed fist.

20. After defendant P.O. John Doe #1 struck plaintiff, numerous officers, including defendants Police Officers John Doe #2-8, got out of at least three unmarked police cars and descended upon plaintiff.

21. Plaintiff was forced to the ground by the defendants and struck about the body numerous times.

22. The defendants took plaintiff into custody and handcuffed him.

23. Plaintiff was placed inside one of the unmarked vehicles and transported to the 67th Precinct, where he was placed inside a cell. He remained there for approximately four to five hours before he was transferred to Central Booking.

24. Plaintiff remained at Central Booking until approximately 4:00 P.M. the next day.

25. Upon information and belief, he was charged with making terroristic threats and released under supervision.

26. Plaintiff returned to court twice before the charges against him were eventually dismissed.

27. At no time during the events described above did plaintiff commit any act for which force would be a reasonable response.

28. At no time during the events described above did defendant Police Officer John Doe #1 or any other of the defendants have any reason to use force against plaintiff.

29. At no time during the events described above did plaintiff commit any act for which he could lawfully be arrested.

30. At no time during the events described above did defendants have probable cause to arrest plaintiff.

31. As a result of the unlawful use of force by defendants, plaintiff did suffer injury, including but not limited to a bloodied nose and bruising about his body.

32. As a result of the unlawful use of arrest power by defendants, plaintiff did suffer injury, including but not limited to the loss of liberty and the violation of his constitutional right to be free from false arrest.

## AS FOR A FIRST CAUSE OF ACTION

*False Arrest as against defendant POLICE OFFICERS JOHN DOE #1-8 in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

33. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

34. At all times during the events described above defendants lacked probable cause to arrest plaintiff.

35. All of the aforementioned acts of defendants POLICE OFFICER JOHN DOE #1-8 were carried out under the color of state law.

36. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

37. The acts complained of were carried out by the defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

38. At all times complained of, the defendants had an obligation to intervene and put a stop to the obvious abuse of arrest power and each of them failed to do so.

39. The arrest complained of resulted in plaintiff's unlawful loss of liberty.

40. The acts complained of deprived plaintiff of his right to be free from false arrest.

## AS FOR A SECOND CAUSE OF ACTION

*Excessive Force as against defendant POLICE OFFICERS JOHN DOE #1-8 in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

41. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

42. At all times during the events described above defendants lacked probable cause to use force against plaintiff.

43. All of the aforementioned acts of defendants were carried out under the color of state law.

44. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

45. The acts complained of were carried out by the defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

46. At all times complained of, the defendants had an obligation to intervene and put a stop to the use of excessive force and each of them failed to do so.

47. The acts complained of resulted in pain and injury to plaintiff.

48. The acts complained of deprived plaintiff of his right to be free from excessive force.

## AS FOR A THIRD CAUSE OF ACTION

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

49. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

50. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

51. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to engage in excessive force and arrest a citizen without probable cause in flagrant violation of their sworn oath to uphold the Constitution.

52. At all times relevant to this Complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of arrest power as described in this Complaint.

53. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated. The wrongful policies, practices and customs complained of herein demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: February 21, 2025
New York, NY

By:     /s/Alexis G. Padilla
Alexis G. Padilla, Esq. [AP7400]
*Attorney for Plaintiff*
Kenneth Teague
378 Lewis Ave. #6
Brooklyn, NY 11233
(917) 238-2993
alexpadilla722@gmail.com